**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 13-8-DLB-CJS-11**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**V.**                       **MEMORANDUM OPINION AND ORDER**

**ANTHONY FILICE**                                                        **DEFENDANT**

\*\*    \*\*    \*\*    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendant Anthony Filice's Motion to Clarify the Court's sentencing order and absolve Defendant of his joint and several liability for a money judgment in the amount of $1,825,510. (Doc. # 1549). For the reasons below, Defendant's Motion will be **denied.**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2013, a grand jury returned a superseding indictment against Defendant and thirty-eight others for conspiracy to distribute oxycodone. (Doc. # 364). The indictment included a forfeiture allegation of real property, currency, and a money judgment of $1,825,510, which represented the "gross proceeds in aggregate obtained by the defendants" from their alleged criminal violations, for which "the Defendants are jointly and severally liable." *Id.* On July 18, 2013, pursuant to a written plea agreement, Defendant pled guilty to the criminal charge against him. (Docs. # 794 and 795). The plea agreement specified that Defendant conspired to knowingly and intentionally distribute oxycodone, and that he knowingly and voluntarily joined in the conspiracy. (Doc. # 795). Defendant also agreed that he would "forfeit to the United States all interest

1

in the property listed in the forfeiture allegation of the Indictment and [would] execute any documents necessary for this forfeiture." *Id.* at 4.

Following the United States' notice of filing, the Court entered a preliminary judgment of forfeiture against the majority of defendants, including Defendant. (Doc. # 855). At sentencing, the Court adopted and accepted the findings contained in the Pre-sentences Investigation Report, including the guideline calculations that had been prepared by the United States Probation Office. (Doc. # 1072). The Judgment reflects Defendant's sentence of imprisonment for 115 months, followed by 10 years of supervised release, imposed on December 19, 2013. (Doc. # 1073). Defendant was assessed $100, with fines and community restitution waived. *Id.* at 5. In addition, Defendant was ordered to forfeit his interest in "[a]ll items listed in the forfeiture allegation of the superseding indictment." *Id.* at 6. Defendant did not file a direct appeal.

Almost three-and-one-half years later, Defendant filed the instant Motion, asking the Court to clarify that that he is not jointly and severally liable for the forfeiture money judgment amount of $1,825, 510, and to absolve Defendant of any responsibility for the money judgment. (Doc. # 1549). Following a response by the United States (Doc. # 1553), Defendant replied. (Doc. # 1554). In his reply, Defendant referred to the recent United States Supreme Court opinion in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). The Court ordered both the United States and Defendant to each file a supplemental memorandum specifically addressing *Honeycutt*. (Doc. # 1557 and 1570). The United States and Defendant having responded (Docs. # 1569 and 1573), the matter is ripe for the Court's review.

## II. ANALYSIS

### A. Defendant's Motion is waived, untimely, and without merit.

Defendant's Motion is not the first of its kind to be raised in this criminal case. In August and September of 2015, three of Defendant's co-conspirators filed similar motions seeking relief from the joint and several forfeiture judgment. (Docs. # 1398, 1399, and 1419). Arguing that the Court had not complied with the Federal Rules of Criminal Procedure by failing to advise them of the forfeiture at sentencing, and that the money judgment was not included in their judgment entries, the co-conspirators sought an end to the paycheck deductions imposed by the Bureau of Prisons for payment of the money judgment. *Id.* The arguments were identical to Defendant's; for these same reasons, Defendant's Motion necessarily fails.

This Court denied the co-conspirators' motions on three grounds. (Doc. # 1443). First, each of the co-conspirators had waived the right to appeal "any determination made by the Court at sentencing." *Id.* at 2. Defendant's plea contains the same waiver language. (Doc. # 795 at 4). Second, the co-conspirators could only challenge the forfeiture on direct appeal, the time for which had long-since passed. (Doc. # 1443 at 2 (citing *Winkelman v. United States*, 494 F. App'x 217, 220 (3rd Cir. 2012)). Here too, the time for Defendant to file a direct appeal ran more than three years ago. Finally, the Court found that the co-conspirators' motions were without merit, as each of the co-conspirators had entered pleas specifically agreeing to forfeiture. (Doc. # 1443 at 3). Thus, the Court found that there wasno question that they knew of the forfeiture at sentencing. *Id.* (citing Fed. R. Crim. P. 32.2(b)(4)(B)). Here, Defendant's plea is nearly identical, leading to the same conclusion.

The Court's determination on one of the co-conspirators' motions was upheld by the Sixth Circuit. *See United States v. Yancey*, 707 F. App'x 342 (6th Cir. 2017). In its opinion,

the Sixth Circuit found that co-conspirator Yancey had "waived any challenge to any determination by the court at sentencing," that the "plea agreement included an express provision" of forfeiture that included the money judgment, and that Yancey "never once questioned or challenged the money judgment or the forfeiture" or argued that the plea agreement was involuntary, unknowing, or ambiguous. *Id*. at 345. The facts giving rise to Defendant's motion, and Defendant's plea agreement, waiver, and arguments are no different than Yancey's, and for this reason Defendant's motion is **denied**.

### B. *Honeycutt* does not require a different result.

In June 2017, the United States Supreme Court issued an opinion holding that the language in 21 U.S.C. § 853(a) "foreclose[s] joint and several liability for co-conspirators." *Honeycutt*, 137 S. Ct. at 1633. The record and this Court's previous findings show that a sentence of joint and several liability for $1,825,510 was imposed on Defendant as a co-conspirator. (Doc. # 1073). If imposed today, such a sentence would run afoul of *Honeycutt*. However, this sentence was imposed several years before *Honeycutt* was decided. The question posed in Defendant's reply (Doc. # 1554 at 2) is thus whether *Honeycutt* should be applied retroactively to Defendant's case.

*Honeycutt* announced a new rule. *See Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."). Whether *Honeycutt* applies retroactively depends on the finality of a case and whether the new rule is substantive or procedural.

In *Griffith v. Kentucky*, 479, U.S. 214 (1987), the Supreme Court pronounced that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith*, 479 U.S. at 326. Typically, cases that are final cannot benefit from the new rule. Only in very limited

4

circumstances will a new rule apply retroactively to final convictions. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). Generally, new substantive rules apply retroactively, such as a rule "narrowing the scope of a criminal statute by interpreting its terms" or a rule that is constitutionally determined to remove a person or person's conduct from "the State's power to punish." *Id.* at 351-52 (citing *Bousley v. United States*, 523, U.S. 614, 620-21 (1998) and *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990)). A new rule may also apply retroactively if it is a new watershed rule of criminal procedure that implicates "the fundamental fairness and accuracy of the criminal proceeding." *Saffle*, 494 U.S. at 495. "This class of rules is extremely narrow" and must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" *Schriro*, 542 U.S. at 352 (quoting *Teague*, 489 U.S. at 313)). Here, Defendant's case became over three years ago, and so *Honeycutt* will apply retroactively only if its new rule is substantive or a watershed rule of criminal procedure. *See, e.g., Teague*, 489 U.S. at 311 ("Petitioner's conviction became final [six years ago]. As a result, the petitioner urges would not be applicable to this case, which is on collateral review, unless it would fall within an exception.").

To begin with, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). *Honeycutt* did not make its ruling retroactive to cases on collateral review. Nor is *Honeycutt*'s new rule substantive or a watershed rule of criminal procedure.

The new rule in *Honeycutt* is not substantive because it has not altered "the range of conduct or the class of person's that the law punishes." *Schriro,* 542 U.S. at 353. A co-conspirator can still be reached by 21 U.S.C. § 853, and may still be liable in forfeiture judgment for any money "constituting, or derived from, any proceeds … obtained, directly

5

or indirectly, as the result of [a felony drug violation]." 21 U.S.C. § 853(a)(1). That his liability does not extend to money obtained by someone else, see Honeycutt, 137 S. Ct. at 1632, simply alters the extent of a defendant's forfeiture liability, and does not alter what conduct is punishable, or who is punishable under the same law. Comparing Honeycutt to a recent Supreme Court case, Johnson v. United States, 135 S. Ct. 2551 (2015), helps elucidate the difference.

In Johnson, the Supreme Court found that imposing an increased sentenced under the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutional under the void-for-vagueness doctrine. Subsequently, the Supreme Court determined that the new rule announced in Johnson was substantive; before Johnson, any person who was caught in possession of a firearm after three violent felony convictions might face fifteen years to life in prison, while after Johnson, such a person might only face a maximum of ten years in prison. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Thus, Johnson "changed the substantive reach of the [Act], altering the range of conduct or the class of persons" punished by the ACCA. Id. Under Honeycutt, forfeiture still exists for any person convicted of a felony under the Drug Abuse Prevention and Control Act ("DAPCA"), 21 U.S.C. Chapter 13. Honeycutt did not alter the range of conduct prohibited under the act; it only limited the forfeiture liability of convicted co-conspirators. Nor did Honeycutt not alter the range of persons—"any person" convicted of a felony under the DAPCA remains subject to forfeiture. The new rule in Honeycutt is therefore not substantive.

The next question is whether Honeycutt presents a new watershed rule of criminal procedure that implicates "the fundamental fairness and accuracy of the criminal proceeding." Saffle, 494 U.S. at 495. Recognizing that "the precise contours of this

exception may be difficult to discern," the Supreme Court has "usually cited *Gideon v. Wainwright*, [372 U.S. 335] (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." *Id*. In *Honeycutt*, the Supreme Court's clarification that "the plain text of § 853(a)(1) … foreclose[s] joint and several liability for co-conspirators," *Honeycutt*, 137 S. Ct. at 1633, is not the "type of rule" that can be considered a new watershed rule of criminal procedure.

In addition to the reasons stated in the Court's prior order regarding Defendant's co-conspirators (Doc. # 1443), because the new rule pronounced in *Honeycutt* does not apply retroactively, Defendant's motion is **denied**.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendant Anthony Filice's Motion to Clarify (Doc. # 1549) be, and is hereby, **DENIED**.

This 22nd day of May, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2013\13-8 Filice MOO.docx